160999, Algamated Transit Union v. Illinois Labor Relations Board Good morning still gentlemen, how will you approach and tell us your names and who you represent please? Good morning, Taylor Mosey on behalf of ATU Local 249 Thank you sir Good morning, John Schmidt on behalf of the Illinois Labor Relations Board Very well, thank you very much gentlemen Alright, are we ready to proceed? 15 minutes each and 5 for rebuttal May it please the court, I'd like to reserve 2 minutes for rebuttal please For sure Good morning, Taylor Mosey again on behalf of ATU Local 241 This case is somewhat unusual in that there are no disputed issues of fact because the union and the CTA submitted a stipulated record with no witness testimony to the board The only issues therefore are whether the board committed clear error in applying the law to those facts Is it a factual question whether there was any ambiguity in the RFP as to what the CTA was going to do? Is that a factual question? I don't think so, I think the factual question was whether the provision of the RFP to the union without any additional information Is enough Is enough to meet the standard under the board's precedent And that's the issue I'd like to start with first The acts of limitations period which is set forth in section 11A provides that No complaint shall issue unless the person aggrieved thereby did not reasonably have knowledge of the alleged unfair labor practice And the board's precedent has long established that unilateral change is known to the charging party when it's unambiguously announced It doesn't have to be implemented, correct? It just has to be announced? That is correct, that is correct The National Labor Relations Board in a decision cited by the board, lander delivery Has a nice policy statement about what the unambiguous requirement requires And it's that the employer would inform the union and I quote Simply, clearly, candidly or unequivocally that it had in fact permanently subcontracted all unit positions to others The required adequate notice Can't it just announce that it's going to subcontract? Does it actually have to have subcontracted because that's going beyond announcing, right? It could, yes, the announcement and implementation are separate So it could just say we are going to subcontract? It could, but it has to say that clearly, candidly, unequivocally to the union But you're not arguing because you kind of did in your briefs that it had to actually do the subcontracting No, the case is clear that the announcement is sufficient So what was not clear or simple about that transmission on September 29th? This was the second step RFP for this process that was provided to the union from CTA With a cover letter that said nothing at all as to the reason that the RFP was being submitted to the union It said just we are transmitting this document to you The RFP was 254 pages long And the case law is clear that the union didn't have an obligation to comb through that document To understand what CTA meant when it was providing it to the union CTA could have said, union, we are providing you this RFP We expect that this RFP is going to impact your members' rights It's going to result in the subcontracting of the work that they perform every day And their classifications are going to be limited And you would have agreed that that would have triggered the statute? Absolutely That didn't happen here Instead what happened was, as the NLRB recognized in land-air delivery A matter of hare and hound decipher play It was sort of, we are going to sneak this RFP to the union Under a cover letter that says nothing about the intent of it And then when we implement that decision three years later We are going to call, gotcha, we sent you this RFP three years ago You really should have known that this was coming And the union submits that that's not consistent with the board's well-established precedent Which requires unambiguous notice As a matter of policy, consistent with that purpose articulated by the NLRB The board has stated that the policies underlying the limitations period Are to stabilize existing bargaining relationships That policy is not furthered in these circumstances Where this RFP is tendered to the union without any details And then later there is this call of a gotcha Your charge is untimely, we pulled this over on you It should have been up front, it should have been forthcoming And when parties could have had a frank discussion when this process was occurring As to what the impact would be on the union members And whether there was other ways to go about it Such that it could be implemented in a way that people didn't lose their jobs Do you think that if we were to remand on the subcontracting We'd also have to remand on the elimination of positions That the two are somewhat intertwined? They are somewhat intertwined, they go hand in hand Without the subcontracting there is no elimination of the work But I would submit that remand isn't appropriate on subcontracting Because of the limitations of the subcontracting Second step, once you find that the subcontracting allegation is timely There is no reason to go through the central city analysis Because it's clear that the CTA waived its right to argue That it has inherent managerial authority to subcontract the work And that's clear in this collective bargaining agreement So you would say they have to bargain on both You don't have to redo the central city analysis That's right And as further evidence that the RFP wasn't a clear and unambiguous notice to the union The board cites in its decision and in its briefs Only two partial sentences from a single page of the RFP That it said constituted notice to the union that the CTA was subcontracting the work Those sentences say that the contractor will And I quote, process all payments electronic and cash due to CTA And that the contractor will provide all required support functions needed to meet the performance standards But you really knew a little bit more than the RFP CTA had been talking about this for a while There was no suggestion in your negotiations with them Or discussions with them that they were just kidding around here Or that this was a maybe thing Everybody knew venture was coming, right? Everybody knew venture was coming But what venture was billed as was an open fair payment system Meaning that it wasn't a closed system You didn't require a CTA fair card to access the system It could be a debit card, a credit card Any card that had a special symbol on it Meaning that it was contactless You can touch with your debit card You can enter the system There have been system changes over the years at CTA They upgraded from tokens to the prior system They upgraded from the prior system So these things happen It's not necessary that the bargaining decisions be illuminated when there's that change in technology That is separate and apart, I think, from this understanding that we're moving to this open fair system So I don't think Can we ask about the history of this kind of notification to the union? Was this an unusual sending of a letter that didn't say much and then a huge document after? Well, there's nothing in the record about that And frankly, Your Honor, I don't know that I can speak to that accurately So as a matter of law, the union submits that it did not have the burden of digging through the RFP to try and decipher CTA's intent The CTA had the burden of providing unambiguous notice to the union That intended to subcontract the work And ultimately eliminate those positions In making that determination, the board relied on two New York decisions interpreting New York law Because there are no board decisions with this specific factual set of circumstances If we follow those decisions, don't we think we would have to find that this RFP was sufficient? I don't think so The set of circumstances was much different in those decisions First of all, I think it's inappropriate because the statutory language those decisions were interpreting is much different than the act's limitation If we follow them, if we said that the statutes are close enough and the reasoning there applies The distinction those cases drew between a history that suggested they might not really subcontract And one where there's no reason to believe this RFP isn't for real Would suggest that you come out on the side of a trigger of the statute, wouldn't it? I don't think so because while it was a different set of facts There was no discussion of whether there was a clear and unambiguous notice in that case Everybody knew that this was coming It just so happened that even though the union knew it was coming in those cases There had been equivocation in the past by that particular employer And so that meant that knowing up front by the union wasn't final because there had been equivocation So as a matter of law, I don't think that those cases support the proposition that an RFP in and of itself constitutes unambiguous announcement Because of those unique set of facts and because of those unique statutes There's certainly not binding on us in any event, correct? Correct In the stipulation of facts in this case, was there stipulation as to what the knowledge was of the union about this? There was not And the union would submit that both the parties proceeded at their own peril in submitting a stipulated record If we don't agree with you that there's a waiver of management right under the central cities test And we do have to get to the third prong, what do you think our analysis should be? And this would be on the elimination of jobs So as a matter of policy, the board requires bargaining over subcontracting to promote the concept underlying mandatory bargaining Which is, and I'm quoting the city of Belvedere, which is 11 Perry 2042 And I quote, the belief that collective discussions will result in decisions which are better for management, labor and society as a whole In other words, and that policy is also consistent with the policy statement in section 2 of the act That grants employees freedom to designate the representative for the purposes of collective bargaining The public policy of this state is in support of collective bargaining And the board's policy is that these decisions are best made when there is a full and frank discussion between unions and employers To best determine how these types of situations should end up Those policies are not furthered here where there was no discussion and there was a unilateral subcontracting elimination of work This, as everything usually is, had to do with cost There are statements in the record that this would save CTA $50 million over the life of the contract Where we've got an issue of subcontracting work that's performed by employees They're in the best position and the union is in the best position to identify inefficiencies in what's happening The individuals who are collecting the money from the machines who are selling the fare cards Could help identify where there are potential cost savings How the technology changes could be advantageous to CTA They could offer concessions They could have offered ways to improve employee productivity There's a lot that the union and its members could have added to that conversation I am getting close, I think, to the end of my time here Sorry, one last question What you're seeking is a remit back to the board on all these charges We don't get to the merits of any You're seeking a remit We're seeking, no, that the board be reversed But they never reached the merits of the first charge They did not But given the stipulated facts, I don't think it's necessary for the board to have reached the merits of the first charge Especially when it goes hand in hand with the elimination of the bargaining unit work I don't think that the discussion would be significantly different as it relates to subcontracting it And compared to the elimination of the work Do you think you fully addressed the merits of the charges in your briefs? Yes Summing up? I would just add that the third factor is a very fact-specific test In this case, the board relies on speculations and not facts from that record That it uses to establish that it would have burdened CTA's authority Thank you Counsel, thank you very much Thank you, Your Honors And may it please the Court, John Schmitt on behalf of the Illinois Labor Relations Board Which asks for affirmance of its decision And, of course, Your Honors, the board did conclude that the charges untimely In terms of the allegations that bargaining unit work was improperly subcontracted and transferred out of the unit It did consider this second RFP, or probably more accurately, it was the second phase of an RFP To provide the unambiguous notice that Mr. Muzzi was talking about Not to jump to the end here, but if we disagree with you and do think the charge was timely Do you agree with counsel, your opposing counsel, that it should be a reversal as opposed to a remand to the board? We would say that there should be a remand Because even though there are stipulated facts in this case The board does have expertise in the labor relations area And we think it would be better for the court to remand And have the board to determine how the law should be applied to the facts And we don't even have a CTA brief on appeals So we don't know what their substantive position is on the merits I believe, I don't believe you addressed the merits I believe you addressed only timeliness No, in my case, the board would not have felt it appropriate to address the merits Because it didn't rule on the merits To the extent that the CTA has addressed the merits That would have been, I believe they filed a post-hearing brief And the court could look at that But we do believe that if you do disagree with the board on the timeliness issue There should be a remand as to all the issues I think your honor's question to Mr. Marzi About the tie between the issues is well put I think if you disagree with us on timeliness It would also undermine the board's reasoning on the final issue How is sending somebody a 254 page RFP An unambiguous announcement of what you're going to do Well, the RFP, and I address the court's attention to pages 110 and 11 of the record But that's the point, isn't it? Why do you have to go to page 110 and 11 as opposed to saying Hey, union, we are going to subcontract Oh, no question, your honor Much better if the CTA had said we are going to subcontract However, I think if the surrounding circumstances are considered This was a big deal, this is something that the CTA had been talking about for a while Was well publicized They get an RFP that relates to this Major change that the CTA has been talking about You know, instituting this new technology The smart card I would think that the union might be interested and might take a close look at that Granted, it was a very Couldn't the board or CTA have said And specifically look at page number blah blah blah Again, your honor, all of it would have been that much better No argument, no argument It would have been better for the CTA to do that And even announce it in the cover letter, as your honor said But the board was dealing with the record as is And there is, I think, some support In the New York case law That an RFP, in addition to the surrounding circumstances Can constitute an ambiguous announcement in this situation The California case that Mr. Muzzi relied upon Was one where the surrounding circumstances Showed that there was no clear and unambiguous announcement In that situation, there was an administrative memo That the RFP's purpose was to determine If cost savings would arise from subcontracting school bus services I guess my question is, why should you Or we have to dig through all that And look at all that surrounding circumstance On the question of whether there's been an announcement or not Why can't it just be explicitly required? Well, it is required that the board's conclusion here And in one of the New York cases was An RFP itself can constitute a clear and unambiguous announcement And in this situation, too, there was the first RFP Which was a more generalized RFP To determine what interest there might be in this type of project And also, I think, to ask the potential contractors  And the first RFP, which is Exhibit 6 CTA Exhibit 6, it's on a compact disc That first RFP explicitly said the second one was coming And that's why that would not be The board wouldn't have considered that Of course, an RFP is not an unfair legal practice, correct? There's no breach of the contract in sending down an RFP, correct? It's a subcontract, but it's arguably a violation of the contract Well, I would say, though, the case law indicates If that RFP constitutes an unambiguous announcement And if it's an unambiguous announcement of something That would possibly be in breach of the collective bargaining agreement Then there would be the possibility That it would be an unfair legal practice And also, Your Honor, I think in terms of the collective bargaining process It would have worked better in this case And I think in other cases involving RFPs If the complaint had been promptly after that RFP That way, the board could have made a ruling Possibly in time, or I think likely in time To stop this contract with Cubic from going ahead I think that's true even if you require an unambiguous announcement, correct? As long as it says this is what we're going to do You can still file your charge And decide it all before the CTA actually does it Well, right, but in this case, the charge was filed after the CTA Okay, but there's an entering time There's a time before it happens, right? Oh, sure, absolutely Absolutely, yes But I think having the RFP date be the trigger date for the limitations I think it works better from the context of labor relations Again, assuming that's supported by the context And here again, this is something that the CTA had certainly been talking about I'm sorry  That's not the pages of the RFP, is it? No, I think it's 23 and 24 of the RFP itself Okay, thank you Oh, thank you So, you know, for those reasons The board found that the allegations were not timely With regard to those claims that work had been Bargaining unit work had been subcontracted out And had been transferred out of the unit However, the board considered timely the allegations Regarding the elimination of the bargaining unit positions Because it did not think the RFP would have unambiguously announced That those job titles would all have been eliminated So, would you agree that if we disagree with you on timeliness We have to remand the second question as well Because your analysis is so tied into the untimeliness of the first charge? Yes, Your Honor, we would certainly agree with that Go ahead Something else, counsel? Coming up? Certainly, Your Honor We'll stand on our briefs as to the second issue As to the application of Central City to the last part of the complaint We'll ask that this court affirm the board's decision But if it does disagree on the timeliness We think a remand is appropriate Thank you, Your Honors Counsel, thank you Four minutes Does the court have any additional questions? No, anything you want to respond to? What was said by your opponent? I think we've added I'd like you to take one more discussion of remand versus reversal It seems to me, especially without even having a brief from the CTA on the merits It would be ill-advised of us to reach the merits of either of these charges Well, what I would say about that As it relates to CTA not filing a brief It is a party to this proceeding It elected to not file a post-hearing brief And as such, it's not here arguing today It also elected to not file a brief in support of its Cross-exceptions to the board's decision Such that the board rejected its cross-exceptions As a result of that CTA has elected to not address those issues In terms of the remand versus Can I ask you about the stipulation? Yes Who stipulated? Your side and counsel's side? What made the stipulation? It was signed by myself and the attorney for CTA Attorney for CTA, okay Yes Thank you In terms of remand versus reversal The record is closed in this matter The facts are as they are stipulated and were before the board They are not going to change And I believe the analysis performed by the board On the elimination of the bargaining unit work Given that it goes hand-in-hand with the analysis for subcontracting It doesn't make any sense to remand the case Even in light of the board's expertise in these matters Because I don't believe that it would render a different result The unit stands on its brief with respect to any issues not orally argued And if you don't have any more questions, I'm finished No, counsel, thank you very much Both of you have done a very fine presentation today And we will hear from you Thank you